UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL LOPEZ,

Plaintiff,

vs.

16 BARROW EQ LLC and AV 7TH AVE, LLC,

Defendants.

## COMPLAINT

Plaintiff, SAMUEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 16 BARROW EQ LLC and AV 7TH AVE, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 89 7th Avenue South, New York, NY 10014 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

**PARTIES**

**4.** Plaintiff, SAMUEL LOPEZ, is over the age of 18, *sui juris*, and a resident of Kings County, New York. Plaintiff has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

**5.** Defendant, 16 BARROW EQ LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 16 BARROW EQ LLC, is the owner of the Subject Premises.

**6.** Defendant, AV 7TH AVE, LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "ALL'ANTICO VINAIO" located at the Subject Premises.

**7.** According to the New York State Liquor Authority, the Defendant, AV 7TH AVE, LLC, d/b/a "ALL'ANTICO VINAIO," was issued an On Premises Wine license on April 7, 2026 for the Subject Premises.

**8.** ALL'ANTICO VINAIO is a restaurant offering Italian-style sandwiches, food items, and beverages to members of the general public in a casual dining setting. The establishment provides customers with the ability to enter the premises, order and purchase meals and beverages, and dine on-site where seating is available or obtain food for takeout. The Plaintiff enjoys ALL'ANTICO VINAIO and appreciates the food offerings and dining experience provided at the establishment. Plaintiff has visited other locations where he enjoyed their sandwiches. The roast beef, bread, and all ingredients are fresh. The sandwiches are top quality. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject

Premises, in violation of the ADA. This location is the closest to Christopher Park and Stonewall Inn where Plaintiff regularly meets and socializes with friends.

## FACTUAL ALLEGATIONS AND CLAIM

**9.** On or about February 2025, and again on or about April 24, 2026, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**10.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**11.** Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**12.** Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

**13.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**14.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements

in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**15.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**16.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**17.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**18.** On or about February 2025, and again on or about April 24, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**19.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**20.** Plaintiff restates Paragraphs 1-19 as though fully set forth herein.

**21.** Defendants, 16 BARROW EQ LLC and AV 7TH AVE, LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**22.** 16 BARROW EQ LLC, as the owner/operator of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**23.** AV 7TH AVE, LLC, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**24.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Entrance**

**i. Inaccessible Entrance**
The existing steps at the entrance act as a barrier to accessibility because a required ramp is not provided, preventing Plaintiff and other wheelchair users from accessing the Subject Premises. This is a violation of ADAAG §§206, 206.2.1, 206.4, 402, 402.1, 402.2, 403.4, and 303.4. Providing a compliant ramp and accessible route to the entrance is readily achievable.

**ii. Insufficient Maneuvering Clearance at Entrance Door**
The entrance door does not provide the required maneuvering clearance, and a non-compliant change in floor level exists within the required maneuvering clearance area, preventing Plaintiff and other wheelchair users from safely entering and exiting the facility. This is a violation of ADAAG §§206, 206.4, 206.4.1, 404.2.4, and 404.2.4.4. Providing compliant maneuvering clearance is readily achievable.

**<u>Dining Areas</u>**

**iii. Inaccessible Window Front Dining Counters**
The four window front dining counters are inaccessible because they exceed the maximum allowable height, preventing Plaintiff and other wheelchair users from utilizing the dining surfaces. This is a violation of ADAAG §§226, 226.1, 902, 902.1, and 902.3. Modifying the dining counters to provide accessible dining surfaces is readily achievable.

**iv. Inaccessible Wall Mounted Dining Counter**

The wall mounted dining counter is inaccessible because it exceeds the maximum allowable height and does not provide the required knee and toe clearance, preventing Plaintiff and other wheelchair users from utilizing the dining surface. This is a violation of ADAAG §§226, 226.1, 902, 902.1, 902.2, 902.3, 306.2, 306.2.3, 306.3, and 306.3.3. Modifying the dining counter to provide compliant height and knee and toe clearance is readily achievable.

**<u>Restroom</u>**

**v. Non-Compliant Door Lock at Restroom Door**
The restroom door lock requires pinching of fingers and twisting of the wrist to operate, preventing disabled individuals from independently using the restroom. This is a violation of ADAAG §§404, 404.1, 404.2.7, and 309.4. Replacing the door lock with compliant hardware is readily achievable.

**25.** Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**26.** In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these

violations will not be corrected without Court intervention, which will result in continued harm.

**27.** Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

**28.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**29.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**30.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**31.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**32.** Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to

remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com